**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| MONTE C. PIERCE, | ) | CASE NO. 8:06CV286 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | GRANTING |
| | ) | MOTION FOR DEFAULT JUDGMENT |
| VASCA INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion for Default Judgment and Request for Evidentiary Hearing (Filing No. 7), which is supported by Affidavit of Douglas W. Krenzer.

Plaintiff Monte C. Pierce invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000, that he is a resident of Iowa and that the Defendant is incorporated in Delaware and has its principal place of business in Massachusetts.   Pierce alleges that a device manufactured by the Defendant, identified as a LifeSite® Hemodialysis Access System, malfunctioned during one of the dialysis treatments that Pierce received in Omaha, Nebraska, and that the device's malfunction caused him injury.  Pierce's Complaint seeks damages under several theories, including but not limited to negligence, failure to warn, design defect, and breach of warranties.

 The record reflects that service of process was obtained on Defendant Vasca, Inc., through its registered agent CT Corporation Systems on or about April 5, 2006.  (Filing No. 4).  Vasca, Inc. has not answered or otherwise pled, has not filed any document in opposition to the Plaintiff's motion for default judgment, and has not appeared in this matter.  When a proper motion for default judgment is raised, a court will bind the party

facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint. See *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) citing *Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed.R.Civ.P. 55(b)(2).

The Clerk has filed an entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and the Court's local rules. (Filing No. 6). The motion for default judgment is supported by the Affidavit of Douglas Krenzer who represents to the Court that the Defendant is not an infant or an incompetent person.

Having reviewed the record, I make the following findings. The Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties. The time within which the Defendant should have answered or otherwise responded to the Complaint has expired; no answer or other response has been filed; and the Defendant has made no appearance in this case. The allegations of the Complaint are taken as true, and the Plaintiff has complied with the requirements of NECivR 55.1(b). Accordingly, I conclude that the Plaintiff is entitled to judgment by default. Given the nature of the Plaintiff's injuries, the Court must conduct an evidentiary hearing to determine the Plaintiff's damages. Accordingly,

IT IS HEREBY ORDERED:

1.      The Plaintiff's Motion for Default Judgment (Filing No. 7) is granted; and

2.      Plaintiff's counsel is directed to contact the undersigned's courtroom deputy, Ed Champion, during the week of June 12, 2006, to schedule an evidentiary hearing on the Plaintiff's damages. Counsel should be prepared to estimate the amount of time necessary for the hearing.

2

DATED this 8th day of June, 2006.

BY THE COURT

s/Laurie Smith Camp
United States District Judge