IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MONTE C. PIERCE,** | ) | **CASE NO. 8:06CV286** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| V. | ) | **AND ORDER** |
| | ) | |
| **VASCA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

On September 25, 2006, the Court conducted an evidentiary hearing to determine the amount of damages, if any, that should be awarded to Plaintiff Monte C. Pierce following Pierce's successful motion for default judgment against Defendant Vasca, Inc. In Pierce's Complaint, he alleges that he is entitled to damages including pain and suffering, past medical expenses, lost wage loss and loss of earning capacity. During the hearing, Pierce abandoned his claim for damages based on wage loss and diminution of earning capacity, but he presented evidence of past medical expenses and of pain and suffering.

The affidavit of Pierce's vascular surgeon, Thomas H. Webb, M.D., was offered and received into evidence. (Plaintiff's Exhibit 1). Dr. Webb's most recent curriculum vitae is attached to the affidavit and identified as Exhibit A. Dr. Webb explained that on December 27, 2002, a left internal jugular Life-site system that was manufactured by the Defendant was surgically implanted into Pierce. Thereafter, the Life-site system malfunctioned causing an embolization of the lateral Life-site catheter into the right atrium inferior vena cava. On May 6, 2003, Dr. Webb performed surgery on Pierce to retrieve the catheter that had become lodged in the right atrium of Pierce's heart. The catheter was retrieved from the heart though the inferior vena cava, which was entered from Pierce's left groin area.

In addition to Dr. Webb's affidavit, Monte Pierce and his mother, Wava Jean Pierce, testified at the hearing. They described Pierce's experience just before the surgery and Pierce's recuperation following the surgery. Immediately after the surgery, Pierce was cared for by his parents, and he was unable to do most routine tasks for himself for several weeks.

In addition to describing the surgical procedure, Dr. Webb provided his opinion that the physician and hospital charges for Pierce's surgery and care, in the amount of $19,317.66, as is reflected in the statements of service attached to Dr. Webb's affidavit, were medically necessary for Pierce's treatment. Dr. Webb also stated that in his opinion, the charges are fair and reasonable based on the services provided.

Based on the evidence, I find that the record establishes by a preponderance of the evidence that Pierce sustained significant pain and suffering as a result of the Defendant's negligence. I also find that he incurred reasonable medical expenses in the amount of $19,317.66 as a result of the Defendant's negligence. Accordingly, I conclude that Plaintiff is entitled to an award of $20,000.00 for his pain and suffering and of $19,317.66 in reasonable medical expenses. *See Dillingham v. IBP, Inc.*, 219 F.3d 797, 799 (8th Cir. 2000); *Hert v. City Beverage Co.*, 94 N.W.2d 27, 31 (Neb. 1959).

In conclusion, the Court finds and concludes that the Plaintiff is entitled to an award of damages from the Defendant in the total amount of $ 39,317.66.

IT IS SO ORDERED.

DATED this 25th day of September, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge