IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MONTE C. PIERCE,** | ) | **CASE NO. 8:06CV286** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **VASCA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant Vasca, Inc.'s Rule 60(b) Motion to Vacate Judgment by Default (Filing No. 15). The motion, which was filed on January 30, 2007, and which contains a certificate of service upon the Plaintiff's attorney of record, is not opposed.

**PROCEDURAL BACKGROUND**

On March 24, 2006, the Plaintiff Monte C. Pierce filed a Complaint in this Court against Vasca, Inc. ("Vasca"). Pierce obtained service of process on Vasca on April 5, 2006, and upon Pierce's motion, the Clerk entered Vasca's default on May 2, 2006. (Filing No. 6). Pierce filed a motion for default judgment, and on June 8, 2006, after finding that Vasca had not answered or otherwise appeared in the action, the Court granted Pierce's motion for default judgment. (Filing No. 8). Following an evidentiary hearing on the Pierce's damages, the Court entered judgment in favor of Plaintiff Monte C. Pierce and against the Defendant Vasca Inc. in the amount of $39, 317.66 (Filing No. 14).

Vasca filed its motion to set aside the judgment on January 30, 2007. Vasca asserts that the only reason it failed to respond to Pierce's Complaint is that Vasca had no knowledge of it. Dean Schwartz, who identifies himself as a "consultant" to Vasca since

March 2006, states in an affidavit[1] offered in support of the Rule 60(b) motion that Vasca is incorporated in Delaware and has its principal place of business in Massachusetts. Vasca's principal offices had been located at 3 Highwood Drive, in Tewksbury, Massachusetts, but that space was sublet on March 15, 2006. Its forwarding address Vasca left with the Tewksbury post office was a post office box in Northborough, Massachusetts. Schwartz also explains that CT Corporation System ("CT"), located at 101 Federal Street, Boston, Massachusetts, was Vasca's registered agent in March and April 2006. Schwartz explained that Vasca discontinued most of its commercial operations on or before January 31, 2006. (Schwartz Aff. 4-8).

The Plaintiff obtained service of process upon Vasca through CT on or about April 5, 2006. CT then forwarded the summons and complaint to Vasca at the Highwood address via Federal Express. The summons and complaint were returned to CT as undeliverable. CT tried again, this time attempting delivery to Vasca's post office box in Northborough, but the summons and complaint were again returned as undeliverable. CT then returned the documents to the Court and to Plaintiff's counsel. (Schwartz Aff. ¶¶ 8-12)

According to Schwartz, Vasca did not have actual knowledge of the action brought against it by Pierce until November 13, 2006. On that day, Vasca received a letter dated October 4, 2006, written by Pierce's counsel seeking payment of the judgment. Schwartz notes that the October 4, 2006, letter was posted with the incorrect zip code of 01921,

---

[1] Affidavit of Dean Schwartz is located at Filing No. 17.

rather than 01876, a probable explanation for Vasca's delay in receiving the letter. (Schwartz Aff. At ¶¶ 15, 16).

## ANALYSIS

This Court may grant relief from judgment for the reasons listed in Fed. R. Civ. P. 60(b), including a party's excusable neglect. The Court of Appeals for the Eighth Circuit recently summarized the factors that bear on whether to grant relief under Fed. R. Civ. P. 60(b)(1) for excusable neglect.

> The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The relevant circumstances include "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The existence of a meritorious defense is also a relevant factor.

*Feeney v. AT & E, Inc.* 472 F.3d 560, 562-563 (8th Cir. 2006)(citations omitted). Whether the reason for the delay is a mistake of law is also a key factor in the analysis. *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000).

In this case, Vasca arguably committed a single error, failing to keep CT Corporation on notice of it most current address, that left it unaware of Pierce's lawsuit. I find that his mistake was minor and did not concern a mistake of law. Moreover, I note that there is no evidence of bad faith or of attempting to avoid service of process by Vasca.

Other equitable considerations weigh in favor of granting the Rule 60(b) motion. For example, when Vasca learned of the lawsuit by Pierce, it did not unreasonably delay in seeking to have the judgment set aside. There is no showing that the delay resulting from Vasca's initial failure to make an appearance will undermine Pierce's ability to advance his

claim. Likewise, there is no indication that reopening the case will disrupt the judicial process in any material way. Finally, according to Schwartz, Vasca has available several defenses that may be meritorious. (Schwartz Aff. ¶ 17). Having considered each of these factors, I conclude that relief pursuant to Rule 60(b)(1) based on Vasca's excusable neglect is warranted in this case. *See Union Pacific R. Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001).

For all these reasons, I conclude that Vasca's motion to set aside the default judgment in favor of Monte Pierce should be granted.

Accordingly,

IT IS ORDERED:

1. The Rule 60(b) Motion to Vacate Judgment by Default (Filing No. 15) is granted; and

2. The Memoranda and Orders (Filing Nos. 8 and 13) and the Judgment (Filing No. 14) granting default judgment in favor of the Plaintiff are set aside; and

3. The Defendant Vasca, Inc., is ordered to answer the Complaint or otherwise plead on or before Wednesday, March 28, 2007.

Dated this 20th day of March, 2007

BY THE COURT:

s/Laurie Smith Camp
United States District Judge