IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MONTE C. PIERCE,** | ) | **CASE NO. 8:06CV286** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **VASCA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to dismiss based on the Court's lack of subject matter jurisdiction. (Filing No. 21). For the reasons that follow, I find that the case is between citizens of different states and the matter in controversy exceeds $75,0000. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

## PROCEDURAL BACKGROUND

On March 24, 2006, the Plaintiff Monte C. Pierce ("Pierce") filed a Complaint in this Court against Vasca, Inc. ("Vasca"). Pierce obtained service of process on Vasca on April 5, 2006, and upon Pierce's motion, the Clerk entered Vasca's default on May 2, 2006. (Filing No. 6). Pierce filed a motion for default judgment, and on June 8, 2006, after finding that Vasca had not answered or otherwise appeared in the action, the Court granted Pierce's motion for default judgment. (Filing No. 8). Following an evidentiary hearing on Pierce's damages, the Court entered judgment in favor of Pierce and against Vasca in the amount of $39,317.66 (Filing No. 14).

Vasca filed its motion to set aside the judgment on January 30, 2007. (Filing No. 15). On March 20, 2007, I granted Vasca's motion. (Filing No. 18). On March 28, 2007, Vasca moved to dismiss for lack of subject matter jurisdiction. (Filing No. 21).

**ANALYSIS**

United States district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2000).

> The rule governing dismissal for lack of subject matter jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if...the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount...the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem.. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

In this case, it is not disputed that Pierce is a citizen of Iowa and Vasca is a corporation organized under the laws of Delaware with its principal place of business in Massachusetts. Thus, Pierce and Vasca are citizens of different states for purposes of 28 U.S.C. § 1332(a)(1). The only remaining question is whether the amount in controversy exceeds $75,000.

Vasca contends that this Court lacks subject matter jurisdiction because it is a legal certainty that Pierce cannot recover damages in excess of $75,000. To support this contention, defendant relies on two arguments. First, because of Pierce's end-stage renal disease, it is likely the he does not have damages for lost wages or loss of earning capacity to meet the $75,000 threshold requirement. Second, Vasca relies on the Court's determination in connection with the default judgment to award Pierce $39,317.66 in

damages for pain and suffering and medical expenses. Vasca argues that this determination demonstrates that the Pierce's claim does not exceed the $75,000 threshold requirement. This argument has two fatal flaws.

Addressing Vasca's first argument, Pierce's claim for medical negligence resulting in pain and suffering could result in a jury verdict of an amount in excess of $75,000. As the Court stated in *St. Paul*, "to oust jurisdiction, it must be a legal certainty that the Plaintiff cannot recover the amount claimed." *Id.* at 289. What amount of damages a jury may find will adequately compensate Pierce if he succeeds in establishing his claim is uncertain. On Vasca's motion for default, the Court was the fact finder with regard to the damages sustained by the Pierce. Because the Court set aside the judgment at Vasca's request, the Plaintiff is entitled to have his case tried to a jury as finder of fact. The jury will not be bound by the Court's award on the default judgment. Accordingly, there is no legal certainty that a jury will award Pierce less than $75,000.

With regard to Vasca's second argument, the Court's award of damages in an amount less than the jurisdictional threshold amount is irrelevant because (1) the judgment was set aside pursuant to Vasca's Rule 60(b) motion and (2) the award was made subsequent to the institution of suit. As the Court stated in *St. Paul*, "events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id.* at 289-290. Thus, because the Court's award was made after the institution of the suit, and now has been vacated at Vasca's request, the only relevant inquiry is whether Pierce alleged an amount in controversy exceeding $75,000. I find that Pierce has alleged an amount exceeding $75,000, and I find no reason

3

to conclude that his claim was not made in good faith or that he cannot recover the amount claimed.

For all these reasons,

IT IS ORDERED:

The Defendant's motion to dismiss for lack of subject matter jurisdiction (Filing No. 21) is denied.

DATED this 15th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge